UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OMARI NAEEM BEY, | Case No. 2:19-CV-221 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendant(s). | |

Presently before the court is defendant Quality Medical Imaging of Nevada LLC.'s ("Quality") motion to dismiss. (ECF No. 23). Plaintiff Omari Naeem Bey ("plaintiff") filed a response (ECF No. 26), to which Quality replied (ECF No. 29).

Also before the court is State of Nevada ex rel. Nevada Department of Corrections, Director Greg Cox, Warden Dwight Neven, Correctional Officer Franco's ("state defendants") motion to dismiss. (ECF No. 25). Plaintiff filed a response (ECF No. 30), to which state defendants replied (ECF No. 31).

**I.  Background**

As relevant here, on February 5, 2019, plaintiff brought this action, alleging (1) a violation of his Eighth Amendment rights, (2) *Monell* liability, (3) sexual molestation as the tort of assault, (4) sexual molestation as the tort of battery, (5) sexual molestation as the tort of intentional infliction of emotional distress, (6) battery, during his incarceration at High Desert State Prison.

After multiple attempts, plaintiff served Quality on May 7, 2019. Plaintiffs attempted to serve state defendants through certified mail, which receipt was acknowledged on April 16, 2019. Plaintiff has not otherwise attempted service on state defendants. Now, both Quality and

state defendants move to dismiss plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 4(m).

## II.   Legal Standard

Rule 4(m) provides the deadline for service as follows:

> "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Federal Rule of Civil Procedure 12(b)(5) allows a party to file a motion to dismiss based on a violation of 4(m). Courts have broad "discretion to extend time for service under Rule 4(m)," *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007), and may extend time for service even after the Rule 4(m) deadline has expired, *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). In addition, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## III.   Discussion

Pending before the court is Quality's and state defendant's motion to dismiss the plaintiff's complaint for failure to comply with Rule 4(m). Quality asserts that the complaint must be dismissed because the plaintiff missed his service deadline without good cause. State defendants assert the complaint should be dismissed because plaintiff missed the service deadline by serving the government through mail in violation of federal and Nevada rules. The court will address each motion in turn.

### A. Quality's motion to dismiss

Both parties agree that the Rule 4(m) deadline for plaintiff to properly serve Quality was May 6, 2019. Both parties also agree that plaintiff missed this deadline by serving Quality on May 7, 2019. Thus, the only question before the court is whether plaintiff missing this deadline is excusable under the law.

James C. Mahan
U.S. District Judge

- 2 -

The Ninth Circuit has explained that Rule 4(m) "provides two avenues for relief" for parties who miss their service deadline. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). The first avenue is mandatory: upon a showing of good cause, a district court must extend the time for service. *Id*. The second avenue is discretionary: if the plaintiff fails to establish good cause, a district court may nevertheless extend the time for service so long as the plaintiff demonstrates at least excusable neglect. *Id*.

As an initial matter, the court is not convinced regarding the plaintiff's good cause argument. The court must decide whether plaintiff's failure to comply with the deadline was a result of excusable neglect. Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence" and includes "omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd*., 507 U.S. 380, 394, (1993). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395.

When making extension decisions under Rule 4(m) a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am., Inc*., 160 F.3d 381, 383 (7th Cir. 1998)).

Here, all four factors identified above weigh in favor of retroactive extension of time for service. *See Uniloc 2017 LLC v. Box, Inc.*, No. 18-cv-07038-JST, 2019 WL 1571880, at *1 (N.D. Cal. 2019). Plaintiff argues the statute limitations period for these claims lapsed soon after the complaint was filed, so any dismissal of this action would function as a dismissal with prejudice [1]. Additionally, the court does not find allowing the plaintiff an extra day for accomplishing service prejudices Quality. Quality failed to argue how this one-day period

---

[1] The court recognizes that plaintiff's 42 U.S.C. § 1983 claims, assault and battery claims, and intentional infliction of emotional distress claim are all subject to a two-year statute of limitation. *See* Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, F.2d 425 (9th. Cir. 1989). The underlying conduct occurred on April 27, 2017. Thus, two years would run on April 27, 2019. Plaintiff brought this action on February 5, 2019. Thus, if plaintiff's claims were dismissed, they would be time-barred.

impacted the case or prejudiced it. Lastly, plaintiff served defendant on May 7, 2019, which gave defendant Quality actual—albeit late—notice of the lawsuit.

"The just, speedy and efficient disposition of plaintiffs' claim on its merits is better served by ignoring a day's dilatoriness in accomplishing service than requiring plaintiffs to re-commence their suit." *Tyson v. City of Sunnyvale*, 159 F.R.D. 528 (N.D. Cal. 1995). *See* Fed. R. Civ. P. 1. Thus, defendant Quality's motion to dismiss is denied, and this court grants plaintiff a retroactive, single-day extension of the service deadline to May 7, 2019, under 4(m), rather than dismiss the action without prejudice.

**B. State defendants' motion to dismiss**

The state defendants also move to dismiss for lack of service. State defendants argue they have not been served for "nearly five months" and the court should dismiss under Federal Rule Civil Procedure 12(b)(5). (ECF No. 25). It is uncontested that the plaintiff sent a copy of the complaint and summons to the Nevada attorney general's office in Carson City, Nevada by certified mail. It was signed for on April 16, 2019. *Id.*

However, defendants contend that mailing a copy of the summons and complaint to the Nevada attorney general's office in Carson City is not sufficient to serve the state defendants in this case. (ECF No. 31 at 3). The plaintiff disagrees and argues certified mail can be used to effectuate proper service. (ECF No. 30 at 3). The court first turns to the question of whether the plaintiff's service method was sufficient under well-established law.

Both parties correctly identify that Federal Rule Civil Procedure 4(j)(2) governs this issue and prescribes the method for serving a state or local government entity. Rule 4(j)(2) provides two options for a state or state department to be properly served: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." *See* Fed. R. Civ. P. 4(j)(2).

Under subsection (A), service may be effected by serving the summons and complaint on the current governor. *Hamer v. Nevada, Department of Employment, Rehabilitation and Training, Vocational Rehabilitation Bureau*, No.: 2:15-cv-1036-GMN-GWF, 2018 WL 1567850,

at *2 (D. Nev. Mar. 30, 2018); *Uranga v. Adams*, No. 3:10-cv-00014-RCJ-RAM, 2011 WL 147909, at *4 (D. Nev. Jan. 14, 2011). Plaintiff failed to do so. Thus, Plaintiff did not properly effect service under subsection (A) of Rule 4(j)(2).

Plaintiff's method of service for the state defendants also fails under 4(j)(2) subsection (B). Subsection (B) allows the state to be served pursuant to the rules under that state's law. Here, the court looks to Nevada law.

Under Nevada law, a plaintiff must serve both the attorney general and a person serving in the office of the administrative head of the relevant state entity. NRS § 41.031(2)(a)–(b); *see, e.g.*, *Hamer v. Nevada, Department of Employment, Rehabilitation and Training, Vocational Rehabilitation Bureau*, No.: 2:15-cv-1036-GMN-GWF, 2018 WL 1567850, at *3 (D. Nev. Mar. 30, 2018); *Johnson v. Clark Cnty. Sch. Dist.*, No. 2:14-cv-02213-JAD-VCF, 2016 WL 3156059, at *1 (D. Nev. June 3, 2016); *Mango v. DETR*, No. 2:10-cv-457-JCM-RJJ, 2011 WL 148280, at *2 (D. Nev. Jan. 14, 2011).

Neither "dispatching the summons and complaint through email [n]or U.S. mail (even certified mail) is sufficient to effectuate service of process under the Nevada or federal rules." *Johnson v. Clark Cnty. Sch. Dist.*, No. 2:14-cv-02213-JAD-VCF, 2016 WL 3156059, at *1 (D. Nev. June 3, 2016); *see High Sierra Holistics, LLC v. Department of Taxation*, No. 3:19-CV-00270-LRH-CBC, 2019 WL 3778068, at *1 (D. Nev. June 3, 2016).

Here, plaintiff's service fails for two reasons. He failed to serve a person in the office of the administrative head of the relevant state entity or provide any proof of this action. NRS § 41.031(2)(b). Plaintiff also attempted to serve the state defendants by certified mail which is insufficient to effectuate service of process. Thus, plaintiff's method of service was insufficient.

Next, the court addresses whether the plaintiff should be granted additional time to properly serve state defendants under 4(m). As discussed above, a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.' *Efaw*, 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Based on the four factors discussed above, the court finds the plaintiff should be granted more time to sufficiently serve state defendants. Admittedly, the plaintiff did not—and still has not—properly served the state defendants. Nonetheless, the state defendants have not suffered any prejudice because they received actual notice of this lawsuit. Conversely, plaintiff's claims will be time barred if dismissed, which in effect, would serve as a dismissal with prejudice. The court finds that it would be harsh and inequitable to dismiss plaintiff's claims without any disposition of the merits, considering the gravity of the allegations.

State defendants' motion to dismiss is denied. Plaintiff is ordered to properly serve defendants State of Nevada ex rel. Nevada Department of Corrections, Director Greg Cox, Warden Dwight Neven, Correctional Officer Franco within thirty days of this order. Failure to properly serve these defendants will result in dismissal upon a future 12(b)(5) motion.

**C.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Defendant Quality's motion to dismiss (ECF No. 23) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that state defendants' motion to dismiss (ECF No. 25) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff serve state defendants within thirty days of this order.

DATED September 30, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -