UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| OMARI NAEEM BEY,<br><br>Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Defendant(s). | Case No. 2:19-CV-221 JCM (VCF)<br><br>ORDER |

Presently before the court is defendants State of Nevada, ex rel. Nevada Department of Corrections, Greg Cox, and Dwight Neven's (collectively "the state defendants") motion for order to show cause why the complaint should not be dismissed for lack of service. (ECF No. 41). Plaintiff Omari Naeem Bey ("plaintiff") filed a response (ECF No. 43), to which the state defendants replied (ECF No. 44).

## I. Background

The instant case comes before the court for a second time regarding ineffective service of process on the state defendants. Plaintiff brought this action on February 5, 2019, alleging multiple sexual-assault and battery claims during his incarceration at High Desert State Prison. (ECF No. 1). Plaintiffs attempted to serve state defendants through certified mail, receipt of which was acknowledged on April 16, 2019. (ECF Nos. 17; 18; 20). The state defendants moved to dismiss plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 4(m). (ECF No. 25). The court denied the motion and ordered plaintiff to serve the state defendants in compliance with Rule 4 and/or Nevada law within thirty (30) days. (ECF No. 34).

**James C. Mahan**
**U.S. District Judge**

However, plaintiff served the Nevada secretary of state rather than the attorney general. (ECF Nos. 40; 41). As a result, plaintiff has not properly served the state defendants. The state defendants moved this court for an order to show cause why the complaint should not be dismissed for lack of service. (ECF No. 41).

## II. Legal Standard

Rule 4(m) provides the deadline for service and reads:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4.

Courts have broad "discretion to extend time for service under Rule 4(m)," *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007), and may extend time for service even after the Rule 4(m) deadline has expired, *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). In addition, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## III. Discussion

Here, plaintiff did not serve the attorney general. Instead, plaintiff's process server—Junes Legal Service—served Rhonda Twin, a Nevada secretary of state employee. (ECF No. 41 at 3). The Nevada Secretary of State is located directly across the street from the Attorney General. (ECF Nos. 41 at 3; 43 at 5). Plaintiff represents that he gave the correct address for the Attorney General to Junes Legal Service. (ECF No. 43 at 5).

Ordinarily, Junes Legal Service's error would be "good cause" to extend the time for plaintiff to serve the State of Nevada, ex rel. Nevada Department of Corrections. Fed. R. Civ. P. 4. However, plaintiff was also required to serve the head of the relevant administrative agency, the Department of Corrections. The court noted plaintiff's failure to do so in its last order. (ECF No. 34 at 5). Nonetheless, plaintiff makes no showing that he attempted to serve the head of the

James C. Mahan
U.S. District Judge

- 2 -

administrative agency, the Nevada Department of Corrections. Thus, the court grants the state defendants' motion as to the State of Nevada, ex rel. Nevada Department of Corrections.

Regarding service of process on individuals, the Ninth Circuit has held as follows:

> Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. Rule 4(a) provides that defendants must be personally served or served in compliance with alternatives listed in 4(d) (6) or 4(d) (7). Neither actual notice nor simply naming the person in the caption of the complaint will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4. Serving an entity . . . will not automatically confer personal jurisdiction over individual defendants in any capacity.

*Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 982) (internal citations omitted).

In this case, plaintiff named Greg Cox and Dwight Neven in their individual capacities. Plaintiff can serve Cox and Neven one of three ways. First, plaintiff may serve Cox and Neven individually. Fed. R. Civ. P. 4(e); Nev. R. Civ. P. 4.2(a). Second, plaintiff can serve Cox and Neven "by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served." *Id.* Finally, plaintiff can serve Cox and Neven "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." *Id.*

But plaintiff did not serve Greg Cox or Dwight Neven personally. Plaintiff did not try leave a copy of the summons and complaint with someone of suitable age and discretion at their place of abode. Plaintiff did not serve Cox and Neven by delivering a copy of the summons and complaint to an agent authorized to receive service of process. Instead, plaintiff attempted to serve Greg Cox and Dwight Neven—both in their individual capacities—by serving the State of Nevada. Nor does plaintiff provide any indication of why he failed to properly effect service on the individual state defendants.

Because plaintiff failed to show good cause for his failure to serve Cox and Neven, the court has two options. The court can either dismiss the action without prejudice against those defendants, or the court can order that service be made within a specified time. The court already gave plaintiff a second opportunity to properly serve—or at least attempt to properly

James C. Mahan
U.S. District Judge

- 3 -

serve—the individual defendants. (ECF No. 34). Thus, the court dismisses the claims against Cox and Neven.

The court notes that the statute of limitations for plaintiff's claim has run. (ECF No. 30 at 2 (plaintiff argues that "the statute of limitations has run on this matter and was about to run at the time the [c]omplaint was filed . . . .")). Therefore, plaintiff's claims against the state defendants are dismissed with prejudice.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the state defendants' motion for order to show cause (ECF No. 41) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's claims against the State of Nevada, ex rel. Department of Correction, Greg Cox and Dwight Neven be, and the same hereby are, DISMISSED with prejudice.

DATED November 26, 2019.

_____
UNITED STATES DISTRICT JUDGE

- 4 -